IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYFUS R. WHALEY, | § | |
| | § | |
| Defendant Below- | § | No. 36, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1205025447 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 8, 2017
Decided: March 30, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 30th day of March 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The defendant-appellant, Rayfus Whaley, filed this appeal from the Superior Court's order dated December 22, 2016, sentencing him for a violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Whaley's opening brief that his appeal is without merit. We agree and affirm.

(2) In December 2012, Whaley pled guilty to one count each of Possession of a Firearm during the Commission of a Felony ("PFDCF"),

Possession of a Firearm by a Person Prohibited ("PFPP"), and Assault in the Second Degree. The Superior Court him as follows: (i) for PFDCF, to three years at Level V incarceration; (ii) for PFPP, to eight years at Level V incarceration, to be suspended after serving two years in prison and upon the successful completion of the Key Program for Level IV residential drug treatment, to suspended upon the successful completion of treatment for eighteen months at Level III probation; and (iii) for assault, eight years at Level V incarceration, to be suspended entirely for eighteen months at Level III probation.

(3)     In September 2016, while participating in the Crest Program at the Morris Correctional Institute, Whaley assaulted his roommate and bit off a portion of the other man's earlobe. As a result, Whaley was arrested and charged with Assault in the Second Degree and with violating his probation. On December 22, 2016, the Superior Court found that Whaley had committed a VOP and sentenced him as follows: (i) for PFPP, to five years at Level V incarceration, to be suspended after serving six months in prison for one year at Level IV residential drug treatment, to be suspended upon successful completion of drug treatment for eighteen months at Level III probation; and (ii) for assault, to eight years at Level V incarceration, to be suspended entirely for eighteen months at Level III probation. Whaley now appeals his VOP adjudication and sentence.

2

(4) In his opening brief on appeal, Whaley contends that: (i) he was denied his due process rights at the VOP hearing; (ii) it was unfair for his probation to be violated while his roommate, whom Whaley contends was equally culpable, was released from DOC custody; and (iii) his counsel was ineffective for failing to present exculpatory evidence and witnesses in his favor. The State has moved to affirm the Superior Court's judgment.

(5) To the extent that Whaley raises a claim of ineffective assistance of counsel, this Court will not consider such a claim in an appeal from a VOP when the issue was not raised to the trial court in the first instance.[1] Moreover, the Court is unable to review Whaley's other claims because Whaley failed to order and provide the Court with a copy of the transcript of the VOP hearing and sentencing.

(6) As the Court has held many times, it is the appellant's obligation to supply those portions of the transcript that are necessary to give the Court a fair and accurate account of the context in which the alleged errors arose.[2] Without a copy of the transcript of the VOP hearing and sentencing, the Court is unable to review Whaley's contentions that the Superior Court denied him the right to call witnesses and present evidence and imposed an inappropriate sentence. Thus, the Court concludes that Whaley's failure to request and include adequate transcripts

---

[1] *Smith v. State*, 2014 WL 5421251, *2 (Del. Oct. 23, 2014).
[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

3

of the proceedings, as required by the rules of the Court, precludes appellate review of his claims of error on appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn
Justice

---

[3] *See Hawkins v. State*, 2010 WL 3341578 (Del. Aug. 25, 2010) (holding that failure to provide transcript of VOP hearing precludes review of argument on appeal).

4